IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3078-BO

| | | |
|---|---|---|
| DEMAR WORRELL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MIKE RICKS, | ) | |
|     Defendant. | ) | |

On November 25, 2008, in a detailed order, this civil rights action was dismissed without prejudice (D.E. # 12). Over two years later, plaintiff came before the court with a motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure (D.E. # 16) and motion to amend to add defendants (D.E. # 17). As the court held in August of 2011 "[u]nder Rule 60 of the Federal Rules of Civil Procedure '[a] motion . . . must be made within a reasonable time - and . . . no more than a year after the entry of the judgment or order or the date of the proceeding.'" The motion was thus dismissed as untimely. On August 25th and October 27th of this year, plaintiff again comes before the court seeking motions for reconsideration (D.E. # 19 and # 22). The matter is ripe for determination and denied as discussed below.

Federal Rule 60(b) reads as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Plaintiff does not identify a specific ground for relief other then to reference a recent Supreme Court case, Skinner v. Switzer, --- U.S. ----, 131 S. Ct. 1289, 1293 (2011), in his motion. Thus, he is time-barred from asserting the grounds found at Rule 60 (b)(1)-(b)(3). Furthermore, subsections (b)(4) and (b)(5) do not appear applicable in that the judgment is not void and the judgment has not been satisfied, released or discharged; nor is it based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. Fed. R. Civ. P. 60(b)(4) and (5). The court therefore turns to subsection (b)(6), "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

"[B]efore a party may seek relief under Rule 60(b), a party must first show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." Dowell, 993 F.2d at 48 (citing Werner, 731 F.2d at 207). Other than establishing the fact that the Supreme Court issued an opinion in Skinner, 131 S. Ct. 1293 (2011), plaintiff has not demonstrated any of the threshold requirements.

Importantly, while "Rule 60(b)(6) is a catchall provision which allows a court to grant relief for any reason, case law limits the reasons for which a court may grant relief under Rule

2

60(b)(6)." Dowell, 993 F.2d at 48. "[A] change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)." Id. (citing Hall v. Warden, Md. Penitentiary, 364 F.2d 495, 496 (4th Cir. 1966)).

In his motion, plaintiff relies upon Skinner to suggest that a plaintiff must pursue DNA testing under 42 U.S.C. § 1983, not as writ of habeas corpus. A reading of the opinion does not suggest one is precluded under this recent opinion from seeking a writ of habeas corpus for DNA issues. See Skinner, 131 S. Ct. 1293. Likewise, Worrell has a writ of habeas corpus pending in this district, Worrell v. Hardee, 5:09-HC-2111-D, challenging the same issues he tried to bring in the 42 U.S.C. § 1983 action in 2008. Lastly, because this court dismissed plaintiff's complaint without prejudice, there is nothing precluding plaintiff from refiling his complaint.[1]

As previously stated, a change in decisional law "provides no basis for relief under Rule 60(b)(6)." Dowell, 993 F.2d at 48. Plaintiff has not articulated a valid ground for relief under Rule 60(b), nor has he presented circumstances compelling the court to grant relief in order "to accomplish justice." Dowell, 993 F.2d at 48.

For the reasons set forth above, plaintiff's motions are hereby DENIED (D.E. # 19 and 22).

SO ORDERED, this the 3 day of November 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] In so holding, the court makes no observation as to whether any such complaint would be time-barred.

3

Case 5:08-ct-03078-BO   Document 23   Filed 11/07/11   Page 3 of 3